UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAMALIEL ELIZALDE,<br><br>    Petitioner,<br><br>    v.<br><br>WILLIAM MUNIZ,<br><br>    Respondent. | Case No. 16-cv-04607-JSC<br><br>**ORDER TO SHOW CAUSE** |

Petitioner, a state inmate, has a filed a petition for writ of habeas corpus. The petition arises out of his December 2010 conviction in Contra Costa Superior Court for three gang-related murders and subsequent sentence to a total of 103 years to life.

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal of a petition is appropriate only where the petition's allegations are vague, conclusory, palpably incredible, or patently frivolous or false. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

Petitioner raises several claims. First, that his conviction violated his Fourteenth Amendment due process rights because the evidence against him was uncorroborated accomplice testimony and thus insufficient. Second, the evidence was also insufficient in that there was no evidence to support a finding that the murders were committed in furtherance of a conspiracy. Third, Petitioner's due process rights were violated by the admission of recorded jail calls.

Fourth, Petitioner was denied his Sixth Amendment right to effective assistance of counsel when his trial counsel failed to seek redaction of certain calls. Fifth, Petitioner's due process rights were violated by the admission of a 2007 drug arrest as substantive evidence of his guilt. Sixth, the trial judge erroneously instructed the jury regarding accomplice liability and use of petitioner's prior arrest. Seventh, Petitioner was again denied his right to effective assistance of counsel when trial counsel failed to object to the admission of uncharged crimes. Finally, the cumulative effect of the above errors denied Petitioner the right to a fair trial in violation of the Fourteenth Amendment. Petitioner also alleges that although the Petition on its face appears untimely, the delayed filing is due to his previous appellate counsel's "extreme neglect" and thus excusable.

Petitioner's claims, when considered in connection with the Petition's factual recitation, are sufficient to avoid summary dismissal and require an answer.

Accordingly, the Court orders as follows:

1. Petitioner shall serve a copy of this Order and the Petition and all attachments thereto on Respondent.

2. Respondent shall file with the court and serve on Petitioner, within 60 days of the date of this Order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the administrative record that are relevant to a determination of the issues presented by the Petition. Petitioner may file a traverse within 30 days of the filing of Respondent's answer.

**IT IS SO ORDERED.**

Dated: September 2, 2016

JACQUELINE SCOTT CORLEY
United States Magistrate Judge