UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAMALIEL ELIZALDE,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>WILLIAM MUNIZ,<br><br>　　　　Respondent. | Case No. 3:16-cv-04607-WHO<br><br>**ORDER DENYING MOTION FOR LEAVE TO AMEND PETITION**<br><br>Re: Dkt. No. 24 |

On January 25, 2018, petitioner Gamaliel Elizalde filed a motion for leave to file an amended petition for writ of habeas corpus to include a now exhausted (but previously unexhausted) claim based on *People v. Sanchez*, 63 Cal. 4th 665 (2016), and his confrontation right under the Sixth Amendment to the United States Constitution. Mot. and Decl. of Good Cause for Leave to File Am. Petition ("Ryan Decl.")(Dkt. No. 24). He previously requested to stay this case so that he could return to state court and exhaust this claim; I denied that request. Order Denying Stay ("Prior Order")(Dkt. No. 16). He still returned to state court to present this claim, which the state court denied. Ryan Decl. ¶ 3. Now he seeks permission to add this same claim, which has now been exhausted.

Elizalde's motion for leave is DENIED. When I denied his motion to stay, I stated that his "new" claim was either "based on clearly established federal law, in which case it could and *should* have been raised in a prior state habeas petition, or it is based on Sanchez's interpretation of state court evidentiary rules and their implications on the Confrontation Clause, in which case it is 'based' on California law and is not the proper subject for federal habeas review." Prior Order at 1. The current motion is either an attempted work-around my prior order, or as respondent pointed out in opposition, it is "essentially, a motion for reconsideration." Opp'n at 1–2 (Dkt. No.

25). Either way, it is denied. The previous briefing schedule, Dkt. No. 23, remains in effect.

**IT IS SO ORDERED.**

Dated: February 26, 2018



William H. Orrick
United States District Judge